### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

KELLYANN TOMMELL,                          CASE NO.:

    Plaintiff,

v.

PERFORMANCE ENGINEERING
GROUP, INC.,
a Florida Profit Corporation,

    Defendant.

_____/

### COMPLAINT & DEMAND FOR JURY TRIAL
### DECLARATORY RELIEF REQUESTED

Plaintiff, KELLYANN TOMMELL ("Plaintiff" or "Ms. Tommell"), by and

through her undersigned counsel, files this Complaint against Defendant,

Performance Engineering Group, Inc. ("Defendant" or "PEG"), and states as

follows:

### NATURE OF THE SUIT

1.     This action is brought under the Fair Labor Standards Act ("FLSA") to

recover from Defendant overtime compensation, liquidated damages, declaratory

relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

### PARTIES, JURISDICTION, AND VENUE

2.     Ms. Tommell was an employee who performed services on behalf of

Defendant in Duval County, Florida.

3. PEG is a Florida profit corporation located in Jacksonville, Duval County, Florida, and which, at all times relevant, performed work in Duval County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Duval County, Florida.

## **FLSA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12.     At all times material hereto, Defendant was primarily engaged in operating a professional mechanical engineering and consulting firm related to the heating, ventilation, and air conditioning ("HVAC") industry in Duval County, Florida.

13.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as ducts, air conditioners, duct tape, filters, computers, telephones, etc., but which had come to rest within its

warehouse location in Duval County, Florida.

16.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without an Office Manager like Plaintiff.

## FACTUAL ALLEGATIONS

17.     Ms. Tommell worked for Defendant under the title of Office Manager in a non-exempt, hourly-paid capacity, from May 20, 2020, until her separation from Defendant on October 31, 2022.

18.     From May 20, 2020, through December of 2020, Ms. Tommell was assigned an hourly rate as a non-exempt employee of $22.00 per hour.

19.     Beginning in January of 2021, Ms. Tommell was assigned an hourly rate as a non-exempt employee of $26.00.

20.     Throughout her employment with Defendant, Ms. Tommell worked an average of over fifteen (15) hours of overtime per week on behalf of Defendant.

21.     In or about August of 2020, PEG Director Mark Messer told Ms. Tommell that she was no longer allowed to work overtime.

22.     In response to PEG's directive, Ms. Tommell immediately ceased working more than forty (40) hours a week and did not have any overtime.

23.   Approximately one (1) month after Mr. Messer issued his aforementioned directive to Ms. Tommell, in or about September of 2020, Mr. Messer accused Ms. Tommell of "slipping" with respect to her "work ethic."

24.   In response to Mr. Messer's criticism, Ms. Tommell explained to Mr. Messer that PEG assigned her more than forty (40) hours' worth of work each week, and that these duties required of her simply required more than forty (40) hours of work.

25.   Ms. Tommell further explained to Mr. Messer that she would either need to work more than forty (40) hours per week or hire an assistant.

26.   Mr. Messer flatly stated that PEG would not hire an assistant.

27.   Mr. Messer also threatened that if Ms. Tommell wished to keep her job, she would discharge all of her assigned duties and responsibilities each week even if she had to do so on her "own time."

28.   Mr. Messer threatened to fire Ms. Tommell and "ruin [her] reputation" if she charged PEG more than forty (40) hours per week.

29.   Mr. Messer's treatment of Ms. Tommell continued to be degrading and harsh, even causing fellow PEG Director Ron O'Steen to remark that Mr. Messer used Ms. Tommell as his "whipping post."

30.   Throughout the duration of Ms. Tommell's employment with PEG, Ms. Tommell regularly worked fifty-five (55) or more hours per week.

31.   With the exception of very rare weeks in which one of PEG's Managers or Directors approved Ms. Tommell to work more than forty (40) hours, PEG failed to pay Ms. Tommell an overtime premium, or anything at all, when Ms. Tommell worked in excess of forty (40) hours in a given work week.

32.   Ms. Tommell always worked in Duval County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors and Directors.

33.   Ms. Tommell had no authority to hire or fire employees of PEG.

34.   Ms. Tommell had no authority to discipline employees of AIR.

35.   Ms. Tommell had no authority to set rates of pay for other employees or agents of PEG.

36.   Ms. Tommell had no input into performance reviews of other employees or agents of PEG.

37.   All of Ms. Tommell's major decisions had to be cleared in advance by one of PEG's managers or supervisors or Directors.

38.   Ms. Tommell was closely monitored by PEG's managers and supervisors and Directors at all times.

39.   Ms. Tommell followed procedures established by PEG and did exactly as she was instructed to do.

6

40.     Ms. Tommell's primary duties were to run payroll for PEG personnel, perform routine office work, and to administer business in PEG's office.

41.     The primary value that PEG placed on Ms. Tommell was her administrative duties; her "managerial" duties were limited and/or non-existent, and of secondary value to PEG.

42.     Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her period as hourly-paid Office Manager, instead typically paying her nothing at all for hours worked in excess of forty (40) in a given work week, as Mr. Messer had demanded.

43.     When Plaintiff worked more than forty (40) hours in a given work week during her period as hourly-paid Office Manager, Defendant failed to properly pay her for all overtime hours worked.

44.     Defendant routinely failed to pay Plaintiff anything at all for the overtime hours that she worked during her period as hourly-paid Office Manager.

45.     Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular hourly rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

46.     Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

47.     Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

48.     Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

49.     Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

50.     Based on the allegations in Paragraphs 47-49, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

51.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

52.     Plaintiff reincorporates and re-alleges paragraphs 1 through 51 of the Complaint as though set forth fully herein, and further alleges as follows:

53.     Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

54.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

55.     Plaintiff was not an exempt employee as defined by the FLSA, and was instead a non-exempt employee as defined by the FLSA.

56.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour

worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

57.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a.  Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.  Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

c.  Award Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 1st day of December, 2022.

Respectfully Submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*